## ALMIRA B. COLEMAN, RESPONDENT, *v.* THE MANHATTAN BEACH IMPROVEMENT COMPANY (LIMITED) AND THE MARINE RAILWAY COMPANY, APPELLANTS.

*Adverse possession — when a grant is not void because the land is then held adversely — the statute does not apply to a confirmatory deed given by an assignee in bankruptcy in order to correct errors in the description contained in a previous conveyance of the bankrupt.*

APPEAL from a judgment in favor of the plaintiff, entered upon the trial of this action by the court without a jury.

This was an action of ejectment to recover an undivided fifth part of the premises known as Pelican Beach. Both the plaintiff and the defendants claim title under one George Lott. He was the owner and in possession of the premises at the time of his death in 1835. The conveyance under which the plaintiff claims

was made more than twenty years prior to that under which the defendants claim. The former conveyance bears date September 11, 1855, and was made by Peter Lott and others, the widows and heirs-at-law of George Lott, deceased, to Cornelius Fornet. The grantors thereby remised, released and quit-claimed to said Fornet and to his heirs and assigns forever, all their right, title and interest in and to the Pelican Beach near Barren Island, town of Flatlands, together with all and singular the tenements, hereditaments and appurtenances thereunto belonging, etc., *habendum* to said Fornet, his heirs and assigns forever.

Fornet conveyed the same premises to one Abraham B. Coleman, on the 23d of January, 1856, by the same description; and said Coleman, in July, 1856, conveyed to the plaintiff certain premises in Kings county, describing them as being the same premises that were conveyed to Abraham B. Coleman by the deed from Fornet, above named, but Pelican Beach is not otherwise described.

Abraham B. Coleman was afterwards adjudged a bankrupt and John H. Platt was appointed his assignee. In September, 1880, the plaintiff filed a petition in the United States District Court for the southern district of New York, alleging that she had purchased the premises in question from Abraham B. Coleman, and that a proper description of such premises had been omitted from the conveyance to her by mistake, and praying that said Platt, as assignee, might be directed to execute to her a deed for the purpose of correcting such mistake. After a hearing upon that petition the bankruptcy court made an order directing said Platt, as assignee, to convey to the said plaintiff all his right, title and interest as such assignee, in and to a certain piece or parcel of land known as Pelican Beach near Barren Island, in the town of Flatlands in the county of Kings, being a portion of the property that was conveyed by Fornet to Abraham B. Coleman, by the deed before mentioned, on the 13th of December, 1880. Platt as such assignee, for the purpose of correcting such alleged mistake and in obedience to the order of the bankrupt court, conveyed the premises in question by the description last aforesaid, to the plaintiffs.

The court at General Term said: " The only other question presented is whether the conveyance by the assignee in bankruptcy was void as having been made in contravention of the statute which

provides that every grant of land shall be absolutely void if at the time of the delivery thereof such land shall be in the actual possession of the person claiming under a title adverse to that of the grantor. (1 R. S., 739.) We think it was not for two reasons: 1st. The title of the plaintiffs is not dependent upon the conveyance from the assignee, that was merely confirmatory of a title which had been previously vested in her. 2d. The title of the assignee was a merely nominal or official one. He held it only as an officer of the bankruptcy court upon a trust for the payment of the debts of the bankrupt. The administration of that trust was at all times under the control of the bankruptcy court, and it was but a matter of common equity for that court to direct a conveyance for the purpose stated therein, viz., to correct a mistake in the conveyance which had been made to the plaintiff by the bankrupt before the adjudication in bankruptcy." (*Colie* v. *Jamison*, 4 Hun, 284.)

The judgment must be affirmed, with costs.

*Winchester Britton, Alfred C. Chapin* and *Edgar Bergen,* for the appellants.

*Henry G. Atwater* and *H. B. Hathaway*, for the respondent.

Opinion by GILBERT, J.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment affirmed, with costs.